UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TERRY LAFFERTY,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:19-cv-343

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

# REPORT AND RECOMMENDATION[1] THAT: (1) THE COMMISSIONER'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT (DOC. 5) BE GRANTED; AND (2) THIS CASE BE TERMINATED ON THE COURT'S DOCKET

---

This Social Security disability benefits appeal, filed *pro se*, is before the Court on the Commissioner's motion to dismiss or, alternatively, for summary judgment. Doc. 5. Plaintiff filed a memorandum in opposition to the Commissioner's motion. Doc. 6. The Commissioner did not file a reply, and the time for doing so has expired. The Court has carefully considered all of the foregoing, and Defendant's motion is now ripe for decision.

## I.

The Commissioner's motion is supported by an affidavit authenticating documents in the administrative record. *See* doc. 5-1. In opposition, Plaintiff presents evidentiary materials not otherwise in the pleadings. Because matters outside the pleadings are presented, and because Plaintiff had reasonable notice and an opportunity to present material in opposition to the Commissioner's motion -- and did so -- the undersigned applies the summary judgment standard of review set forth in Fed. R. Civ. P 56 in deciding the motion now before the Court. *See* Fed. R.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Civ. P. 12(d) ("If . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56").

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment -- rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*.

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]" *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted). Instead, the party opposing summary judgment has a shifting burden and "must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." *Id*. (citation omitted). Failure "to properly address another party's assertion of fact as required by Rule 56(c)" could result in the Court "consider[ing] the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

## II.

The facts before the Court are undisputed. An Administrative Law Judge ("ALJ") considered Plaintiff's application for Disability Insurance Benefits ("DIB") and issued a decision on August 30, 2017 finding Plaintiff not disabled from his alleged onset date of December 10,

2014 through the date of the ALJ's decision. Doc. 5-1 at PageID 57-68. Plaintiff thereafter requested review of the ALJ's decision by the Appeals Council which, on February 22, 2018, remanded the case back to the ALJ for further proceedings. *Id*. at PageID 74.

On remand, the ALJ found, in a decision issued August 20, 2018, that Plaintiff was disabled as of December 13, 2016, but not disabled before that date.[2] *Id*. at PageID 96. Plaintiff again sought review of the ALJ's decision by the Appeals Council, which denied Plaintiff's request for review by notice dated August 16, 2019. *Id*. at PageID 104. Plaintiff filed his complaint in this case on October 25, 2019, which is 70 days after the date of the Appeals Council's notice. At issue in the Commissioner's motion is whether Plaintiff's appeal -- challenging the ALJ's non-disability finding prior to December 13, 2016 -- was timely filed.

### III.

Judicial review of Social Security decisions is governed by 42 U.S.C. § 405(g), which provides that:

> Any individual, after any final decision of the Commissioner . . . made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner . . . may allow.

The regulations define "mailing" as the date the individual receives the Appeals Council's notice of denial of a request for review. *See* 20 C.F.R. § 422.210(c). The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary. *See* 20 C.F.R. §§ 404.901, 422.210(c); *see also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435-36 (6th Cir. 2007).

The 60-day time limit for seeking judicial review of an adverse determination by an ALJ is not a jurisdictional bar but, rather, a statute of limitations subject to equitable tolling. *Cook*, 480

---

[2] Plaintiff's disability finding (commencing December 13, 2016) is not here at issue and is not affected by this Report and Recommendation.

3

F.3d at 435. The statute of limitations serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Courts strictly construe the statute of limitations in Social Security appeals. *See, e.g.*, *Cook*, 480 F.3d at 432 (affirming the dismissal of a complaint filed one day late); *see also Amadasu v. Comm'r of Soc. Sec.*, No. 06-cv-584, 2009 WL 1542772, at *4-7 (S.D. Ohio May 28, 2009) (dismissing a complaint filed three days late). This is true even when the plaintiff is proceeding *pro se* and without the assistance of counsel. *See McCane v. Comm'r of Soc. Sec.*, No. 2:12-cv-67, 2012 WL 4088649, at *3 (S.D. Ohio Sept. 17, 2012) (dismissing *pro se* plaintiff's complaint for failure to comply with § 405(g)'s filing deadline), *report and recommendation adopted*, 2012 WL 4920798 (S.D. Ohio Oct. 16, 2012).

In this case, the Appeals Council's notice is dated August 16, 2019, which was a Friday. Under the Commissioner's regulations, Plaintiff presumptively received that notice in the mail five days later, *i.e.*, on or before Wednesday, August 21, 2019. *See* 20 C.F.R. §§ 404.901, 422.210(c). Assuming Plaintiff received the notice on August 21, 2019, his appeal was due to be filed 60 days later, *i.e.*, on or before Monday, October 21, 2019.[3] Again, Plaintiff did not initiate this appeal until October 25, 2019, *i.e.*, four days late.

Plaintiff does present evidence reasonably rebutting the presumption that he received the Appeals Council's notice on or before August 21, 2019 by presenting a copy of an envelope postmarked August 20, 2019, which Plaintiff represents is the envelope in which the notice was contained. Doc. 6 at PageID 112. Plaintiff argues that he made a phone call on August 22, 2019

---

[3] Sixty days from August 21, 2019 would be Sunday, October 20, 2019. However, deadlines falling on a Sunday are extended "until the end of the next day that is not a Saturday, Sunday, or legal holiday[,]" *i.e.*, Monday, October 21, 2019. *See Johnston v. Comm'r of Soc. Sec.*, No. 1:16-CV-449, 2016 WL 6652742, at *3 (S.D. Ohio Nov. 9, 2016), *report and recommendation adopted*, No. 1:16CV449, 2016 WL 7103313 (S.D. Ohio Dec. 6, 2016).

(presumably to the Social Security Administration) to inquire about the status of the Appeals Council's decision -- evidenced by his phone records -- and that he thereafter actually received the Appeals Council's notice "2 days later," *i.e.*, on Saturday, August 24, 2019. *See id*. at PageID 109. Assuming Plaintiff actually did receive the notice on August 24, 2019, and that the 60-day filing period commenced on that date, his deadline for filing this action would have been Wednesday, October 23, 2019, *i.e.*, two before he actually commenced this action.

In arguing that his filing of this action on October 25, 2019 is timely, Plaintiff suggests that his presumptive receipt of the Appeals Council's notice would have been five days after August 20, 2019, *i.e.*, five days after the notice was postmarked. *See* doc. 6 at PageID 111. He further argues that because August 25, 2019 was a Sunday, his presumptive receipt date should therefore be extended until Monday, August 26, 2019. *See id*.; *see also* Fed. R. Civ. P. 6(a)(1)(C) ("[I]n computing any time period . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

However, contrary to Plaintiff's contention, the Sixth Circuit holds that calculation of the five-day presumptive receipt date commences on the date stated on the notice, not on the day "represented by the postmark." *Cook*, 480 F.3d at 436. Where, as here, a plaintiff does not receive the notice within the presumptive 5-day period after the date on the notice, such plaintiffs "can seek an extension of the time for filing by making a 'reasonable showing' that they did not receive their notice within the presumptive five-day period." *Id*. (citing 20 C.F.R. § 422.210(c)). Although Plaintiff presents evidence that he received the notice after the presumptive five-day period, he presents no evidence that he sought an extension of time for filing this action.

The 60-day limitations period can be equitably tolled "under appropriate circumstances." *Id*. at 437. In determining whether equitable tolling is appropriate, courts consider whether

plaintiff lacked actual or constructive notice of the filing requirements; plaintiff exercised diligence in pursuing his or her claims; the Commissioner would be prejudiced; and plaintiff's lack of knowledge concerning the filing requirements was reasonable. *Cook*, 480 F.3d at 437.

Equitable tolling would not apply in this case because Plaintiff had constructive, if not actual, notice of the filing requirements -- the Appeals Council's notice advises him of the 60-day deadline, the presumption of receipt within 5 days, and his ability to seek an extension of the filing deadline for good reasons. *See* doc. 6. No such extension was ever sought here, and Plaintiff fails to explain why he did not make such a request. While the undersigned recognizes the harshness of adjudging Plaintiff's filing as untimely, and that "allowing [Plaintiff] to file his complaint . . . late likely would create little prejudice to the Commissioner in this particular case," courts must remain "mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Cook*, 480 F.3d at 437. Thus, the Court, with reluctance, finds this appeal untimely filed. "This case is a classic reminder of the risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits." *Id*.

## IV.

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that: (1) the Commissioner's motion to dismiss, or alternatively, for summary judgment (doc. 5) be **GRANTED**; and (2) that this case be **TERMINATED** on the Court's docket.


Date:  March 11, 2020                           s/ Michael J. Newman
                                                                             Michael J. Newman
                                                                             United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).